UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| MARCO ANTONIO RODRIGUEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-05-226 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER

Pending before this Court are Respondent's Motion for Summary Judgment (Docket No. 20), filed January 17, 2007, Respondent's Motion to Supplement Its Motion for Summary Judgment (Docket No. 25), filed November 3, 2006, and Petitioner's Second Motion for Extension of Time (Docket No. 32), filed June 4, 2007.

The Court, after considering the motions and pleadings filed in this case, hereby **GRANTS** Petitioner's Second Motion for Enlargement of Time (Docket No. 32). In doing so, the Court will deem Petitioner's Objections to the Report and Recommendations of the Magistrate Judge and Respondent's Objections (Docket No. 33) as timely filed. This Court also **GRANTS** Respondent's Motion to Supplement Its Motion for Summary Judgment (Docket No. 25).

Having considered *de novo* the magistrate judge's report and recommendation and the issues raised by Respondent and Petitioner's objections, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation (Docket No. 26), except his conclusion on the issue of whether an interpreter was present during voir dire, as discussed below.

1

**I.     PETITIONER FAILED TO SHOW HE LACKED AN INTERPRETER BY CLEAR AND CONVINCING EVIDENCE**

Federal habeas relief is available only if the state-court decision is factually unreasonable. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). When reviewing a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). This presumption is particularly strong where the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 449 (5th Cir. 2001). This deference applies not only to express findings of fact, but also to the implicit findings of the State court. *Garcia v. Quarterman*, 454 F.3d 441, 444-45 (5th Cir. 2006). Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

Petitioner's state habeas application claimed, among other grounds, that the trial court committed reversible error when it failed to provide an interpreter during the entire proceedings. (*See* Petition for Writ of Habeas Corpus (Docket No. 3)). The Texas Court of Criminal Appeals denied Petitioner's application for habeas relief, including this ground, without written order. (*See* Resp. Motion for Summary Judgment (hereinafter "Respondent's Motion"). Judge Garza served as both the trial court judge and the state habeas judge. (*Id.*)

Initially, this Court notes that the record is replete with references that without a doubt support a conclusion that Petitioner had an interpreter for the entire trial with the possible exception of voir dire or a portion thereof. Respondent argues the state habeas court made an implicit finding that Petitioner was not denied an interpreter throughout voir dire. (*See* Respondent's Motion); (Respondent's Objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 30) (hereinafter "Respondent's Objections"). This Court agrees that the trial transcript and evidentiary hearing from the state habeas proceedings support an implicit finding that the state habeas court found Petitioner had an interpreter for all but the initial part of voir dire. Therefore,

Petitioner has the burden of rebutting this presumption by clear and convincing evidence. *See Miller-El*, 261 F.3d at 449.

    A.    <u>Petitioner's Argument</u>

While Petitioner's habeas petition claims he did not have an interpreter throughout the entire proceedings, his argument appears to focus on whether an interpreter was provided during voir dire and while a motion was argued on the first day of trial. (*See* Petitioner's Memorandum in Support of Application for Writ of Habeas Corpus (Docket No. 4)); (Petitioner's Objections to Report and Recommendations of the Magistrate Judge and Respondent's Objections (Docket No. 33)).

On October 4, 1999, the trial court began voir dire proceedings by introducing parties and their counsel. *State of Texas v. Marco Antonio Rodriguez*, Trial Tr. Vol. 2, p. 4, Oct. 4, 1999. One of Petitioner's counsel informed the trial court that Petitioner did not speak English and that he would need an interpreter. *Id*. The trial court responded it would "get an interpreter before we proceed." *Id* at p. 5.

The trial court finished its introduction of the parties and attorneys, then proceeded to read the indictment to the jury and admonish the jury as to the burden of proof, the presumption of innocence, the punishment range, and the Petitioner's right to choose not to testify, the Petitioner's right to a jury trial. Trial Tr. Vol. 2, pp. 5-16. Petitioner's counsel then asked for an interpreter for the second time. *Id* at p. 16. The trial court ordered, "Get me an interpreter." *Id*. The trial transcript then indicates there was a meeting at the bench, off the record. *Id*. It is unclear how long this meeting lasted. *See Id*.

The trial court then continued with voir dire. Trial Tr. Vol. 2, p. 16. The transcript does not indicate the arrival of an interpreter, however, Petitioner's counsel did not object to the continuing of voir dire, nor did he object that an interpreter was not present throughout the remainder of voir dire. *See id* at pp. 16-79. At the conclusion of voir dire, the jury was excused. Trial Tr. Vol. 2.,

p. 79.  Once the jury was excused, the trial court stated, "We will get an interpreter for [Petitioner] in the morning."  *Id*.

Petitioner argues the two objections to the lack of an interpreter, the failure of the record to indicate an interpreter ever arrived, and the statement by the judge at the end of voir dire prove by clear and convincing evidence that trial court never provided him an interpreter throughout all of voir dire.  (*See* Petitioner's Objections).

      B.      <u>Evidence Contrary to Petitioner's Argument</u>

            i.      *Testimony from State Habeas Evidentiary Proceedings*

Petitioner's appellate counsel had an opportunity to question his trial attorneys on the interpreter issue during an evidentiary hearing part of his state habeas corpus application.  *See, e.g., State of Texas v. Marco Antonio Rodriguez*, Evidentiary Hearing Tr. Vol. 2, pp. 9, 24, Nov. 13, 2003.  Both of Petitioner's trial counsel, Mr. Torteya and Mr. Cantu, were questioned.  *Id*.

Petitioner's appellate counsel asked Mr. Torteya, "Do you recall [Petitioner] not having an interpreter for a day or so of the trial."  Evidentiary Hearing Tr. Vol. 2, p. 9.  Mr. Torteya responded, "I do not recall that."  *Id*.  Petitioner's appellate counsel asked Mr. Cantu, "Is it true that [Petitioner] was in court for at least a day or more without the assistance of an interpreter?  Do you recall anything about that?"  *Id* at p. 24.  Mr. Cantu responded, "Vaguely.  I think that the -- we ended up using like the guard -- something like that, vaguely."  *Id*.

During the evidentiary hearing, Petitioner also testified, stating that "...everything that was said the first day - - although I heard it - - I didn't understand it."  Evidentiary Hearing Tr. Vol. 2., p. 58.  Petitioner testified that this situation existed during the entire first day of trial and the beginning of the next day.  *Id.*  Only Petitioner's testimony clearly supports his contention that he lacked an interpreter during trial.  The vast majority of the evidence is to the contrary.  There are

multiple references throughout the trial that an interpreter was present and was being used. The testimony of the trial counsel creates the possibility that another individual, possibly a guard, interpreted for Petitioner after the meeting at the bench during voir dire.[1] *See* Trial Tr. Vol. 2, p. 16.

> ii. *Petitioner's Trial Counsel Diligently Pursued an Interpreter for His Client When an Interpreter Was Not Present*

From the record, it appears that Petitioner lacked an interpreter on two occasions – once at the beginning of the voir dire proceedings and once at the commencement of third day of trial. *See, e.g.*, Trial Tr. Vol. 2, p. 5; *id* at p. 16; Trial Tr. Vol. 5, p. 3. Both times Petitioner's trial counsel quickly and diligently pursued an interpreter for his client. *See id.* The court reporter noted the summoning and presence of the interpreter during the third day of trial. Trial Tr. Vol. 5, p. 3.

It is unclear from the record why Petitioner's counsel would have all of a sudden ceased his objection to the lack of an interpreter during voir dire. *See* Trial Tr. Vol. 2, p. 16. The only other time he ceased his objections was when an interpreter had been provided for his client. Trial Tr. Vol. 5, p. 3. This evidence does not clearly point toward the lack of an interpreter for the remainder of voir dire.

> iii. *The Trial Court Reporter Did Not Maintain a Consistent Method of Recording Whether an Interpreter Was Present*

Respondent admits that the court reporter did not maintain a consistent method of recording whether Petitioner had an interpreter during trial. *Compare* Trial Tr. Vol. 2 (recording presence of interpreter in the index only); Trial Tr. Vol. 3 (index and reference in the transcript that Petitioner

---

[1] In Texas, "[a]ny person may...act as interpreter...under the same rules and penalties as are provided for witnesses." Tex. C.C.P. Art. 38.30(a). "Texas does not require that an interpreter in a criminal proceeding have specific qualifications or training. What is required is sufficient skill in translating and familiarity with slang." *See Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.–San Antonio 1999). Thus a guard could have interpreted for Petitioner.

"In the event that the only available interpreter is not considered to possess adequate interpreting skills for the particular situation...the person charged...may be permitted by the court to nominate another person to act as intermediary between the person charged or witness and the appointed interpreter during the proceedings." Tex. C.C.P. Art. 38.30(a). If a defendant does not object or raise the issue of an interpreter's competency, the trial court has no duty to stop the proceedings and appoint a different interpreter or to question the interpreter's competency. *Lee v. State*, 2003 WL 21142887, *2 (Tex. App.–Dallas 2003).

spoke through his interpreter); Trial Tr. Vol. 4 (index and transcript); Trial Tr. Vol. 5 (transcript only); Trial Tr. Vol. 6 (transcript only). Respondent argues that Petitioner now exploits the court reporter's inconsistent methodology, but fails to fulfill his burden of proving the lack of an interpreter by clear and convincing evidence.

The index of the trial transcript indicates an interpreter was provided to the Petitioner during voir dire. Trial Tr. Vol. 2, index. The index, however, shows that the interpreter was provided as of the beginning of the proceedings. *See id*. Based on the objections in the record, however, it appears that the first time an interpreter could have been present in the courtroom would have been after the initial admonishment of the jury. *See id* at p. 16 (pausing the proceeding for a meeting at the bench after Petitioner's counsel's second objection to the lack of an interpreter).

There is insufficient evidence to clearly determine whether the notation of the presence of an interpreter in the index of trial transcript during voir dire should be disregarded.

> iv.  *Petitioner Was Clearly Provided an Interpreter From the First Day of Trial Onward*

Beginning with the first day of trial, it is clear, though Petitioner claims otherwise, that he had an interpreter. *See* Trial Tr. Vol. 3, p. 20 (Petitioner responds through an interpreter, though no indication in the record that an interpreter is present); *id* at index; Trial Tr. Vol. 4, p. 3 (record indicates Petitioner provided with an interpreter); *id* at index; Trial Tr. Vol. 5, p. 3 (record indicates interpreter summoned); Trial Tr. Vol. 6, p. 3 (record indicates Petitioner provided with an interpreter).

C.   Conclusion

Petitioner fails to demonstrate by clear and convincing evidence that an implicit determination by the state habeas court that he had an interpreter during voir dire was unreasonable.

However, this Court does find that the Petitioner has proven by clear and convincing evidence that he lacked an interpreter during the initial admonishment of the jury.

### II.   THE LACK OF AN INTERPRETER DURING THE ADMONISHMENT OF THE JURY WAS HARMLESS ERROR

This Court adopts the magistrate judge's report and recommendation as far as it holds that the lack of an interpreter during voir dire is trial error subject to harmless error analysis. A defendant's presence at voir dire provides him with the opportunity "to give advise or suggestion[s]...to...his lawyers." *See Snyder v. Comm. of Mass.*, 291 U.S. 97, 106, 54 S. Ct. 330, 332. (1934). The defendant's presence is also necessary so that he may effectively exercise his peremptory challenges. *United States v. Washington*, 705 F.2d 489, 498 (D.C. Cir. 1983). Defendant's absence from a brief part of voir dire does not constitute harmless error where nothing occurred that was harmful to the defendant. *Henderson v. United States*, 419 F.2d 1277, 1278 (5th Cir. 1970); *Stanfield v. State*, 212 S.W.2d 516 (Tex. Crim. App. 1948) (absence from swearing of jury not reversible error); *but see United States v. Alikpo*, 944 F.2d 206, 209 (5th Cir. 1991) (finding reversible error where most of the jury selection occurred in absence of the defendant).

The portion of voir dire where Petitioner could be considered "absent" because he lacked an interpreter was a brief period involving the introduction of the parties and the admonishment of the jury. Petitioner was seated and observed the admonishment of the jury, and perhaps was unable to understand what the judge was saying. Petitioner failed to prove he lacked an interpreter during any portion involving the actual examination or questioning of jurors.

Petitioner was well represented by two experienced trial counsel during the entire voir dire who both spoke the Spanish language. Although he was arguably unable to understand the admonishment, Petitioner was able to observe the demeanor of potential jurors during the

7

admonishment and consult both counsel, fluent in Spanish, during and immediately following the admonishment.  Petitioner was able to compensate effectively for the lack of an interpreter during this period.  In addition, Petitioner does not argue that his presence and active participation in this (or any) portion of voir dire would have resulted in a different jury and hence a different verdict.

There is no basis on which to find that had Petitioner been provided an interpreter during the admonishment of the jury, the composition of the jury would have been different and would have reached another verdict based on the same evidence.  Given the amount of evidence presented against the Petitioner in this case, this particular trial "error" does not create a grave doubt about its effect on the jury or its verdict.  In fact, it raises no doubts whatsoever.  The failure of the trial court to provide an interpreter during the admonishment of the jury was harmless error.

Finally, even if the Magistrate Judge was correct and Petitioner was not provided with an interpreter for the entire voir dire, the Court still adopts the Report and Recommendation of the Magistrate Judge that the error would be harmless given the overwhelming evidence of the Petitioner's guilt and the total lack of evidence that would suggest a different result would have been reached.

Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 2) and Petitioner's Objections to the Report and Recommendation of the Magistrate Judge and Respondent's Objections (Docket No. 33) are therefore **DENIED**.  In doing so, this Court **DENIES** any pending motions for appointment of counsel or discovery, and the case is **DISMISSED**.

The clerk is asked to send this order as soon as possible to Mr. Rodriguez and to the attorney for Respondent.

Signed this 9th day of October, 2007.

 

Andrew S. Hanen
United States District Judge